UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN G. SIEGEL,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMAL ANTHONY PRITCHETT,<br><br>  Defendant. | Case No.17-cv-00835-EDL<br><br>**REPORT AND RECOMMENDATION TO REMAND; ORDER REASSIGNING CASE** |

On February 21, 2017, Defendant Jamal Anthony Pritchett ("Defendant") filed an application to proceed in forma pauperis ("IFP") and a notice of removal of this unlawful detainer case, originally filed by Plaintiff against Defendant in Contra Costa County Superior Court on June 14, 2016. As all parties have not yet consented to this Court's jurisdiction, the Court issues this Report and Recommendation and reassigns this case to a district judge. For the reasons set forth below, the Court recommends granting Defendant's IFP Application and recommends remanding this matter to state court.

Defendant's IFP application adequately alleges poverty. Defendant's net income is $800 and he has no other sources of income. He does not own a home or automobile, and has $90 in cash. His monthly expenses significantly exceed his income. Accordingly, Defendant qualifies for in forma pauperis status, and his IFP application should be granted.

However, the Court lacks subject matter jurisdiction over this case and the case should be remanded. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the

removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006).  Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question.  28 U.S.C. § 1441.  However, a case may be removed based on the existence of a federal question only when that federal question appears on the face of the properly pleaded complaint.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").  Here, the face of the complaint attached to the Notice of Removal asserts only one state law claim for unlawful detainer.  Because this complaint does not provide any basis for removal, the Court lacks subject matter jurisdiction under 28 U.S.C. Section 1331.  See Dkt. No. 1 (Exhibit A, Complaint for Unlawful Detainer).

For the foregoing reasons, the Court recommends remanding this case to Contra Costa County Superior Court.  Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO RECOMMENDED.**

Dated:  February 27, 2017



ELIZABETH D. LAPORTE
United States Magistrate Judge

2